AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Mississippi

**RECEIVED**
JUN 1 3 2025
U.S. MARSHALS
NORTHERN DISTRICT
OF MISSISSIPPI

| United States of America | ) |
| v. | ) 25-5401MJ |
| | ) Case No. 1:25CR086 |
| DAVONTA BURRAGE | ) |
| a/k/a Jett, a/k/a Polo Jett | ) 2542-0613-0598-J |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* DAVONTA BURRAGE a/k/a Jett, a/k/a Polo Jett,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

DRUG CONSPIRACY; MONEY LAUNDERING
CONSPIRACY; FELON IN POSSESSION; FIREARM

Date: 06/12/2025

*Issuing officer's signature*
Deputy Clerk

City and state: Oxford, Mississippi

David Crews, Clerk
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Mississippi

RECEIVED

JUN 1 3 2025

U.S. MARSHALS
NORTHERN DISTRICT
OF MISSISSIPPI

United States of America
v.

JESSICA CORREA
a/k/a Craze

*Defendant*

) Case No. 1:25CR086
)
) 2542-0613-0596J
)
)
)

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   JESSICA CORREA a/k/a Craze                                        ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

DRUG CONSPIRACY; MONEY LAUNDERING
CONSPIRACY; FELON IN POSSESSION; FIREARM

Date: 06/12/2025

_____
*Issuing officer's signature*
Deputy Clerk

City and state: Oxford, Mississippi

David Crews, Clerk
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

FILED

JUN 1 2 2025

DAVID CREWS, CLERK
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO. 1:25CR86 |
| | * | |
| QUINTON MCWILLIAMS, | * | 18 U.S.C. § 922(g)(1) |
| a/k/a Dirt, | * | 18 U.S.C. § 924(c) |
| a/k/a Dirk, | * | 18 U.S.C. § 1956(h) |
| GARY WRAGGS, | * | 21 U.S.C. § 846 |
| a/k/a Black, | * | 21 U.S.C. § 841(a)(1) |
| TERRENCE RUSH, | * | 21 U.S.C. § 841(b)(1)(A) |
| a/k/a T1, | * | |
| AUSTIN SNOW, | * | |
| TYLER TANKSLEY, | * | |
| a/k/a Tank, | * | |
| a/k/a TNT, | * | |
| CECIL HICKMAN, | * | |
| a/k/a Mac, | * | |
| MARCUS METTS, | * | |
| a/k/a Boo-B, | * | |
| DAVONTA BURRAGE, | * | |
| a/k/a Jett, | * | |
| a/k/a Polo Jett, | * | |
| ADRIAN DANIEL DUNN, | * | |
| a/k/a Black King, | * | |
| TILNORRIS MACON, | * | |
| a/k/a Tee, | * | |
| DARNELL STONE, | * | |
| a/k/a East, | * | |
| HARVEY SAVIOR, | * | |
| a/k/a Grimma, | * | |
| JESSICA CORREA, | * | |
| a/k/a Craze, and | * | |
| TONNEE HOLMES, | * | |
| | * | |
| Defendants. | * | |

**INDICTMENT**

The Grand Jury charges that:

## COUNT ONE

Beginning at a time unknown to the Grand Jury, but at least beginning in or around January 1, 2021 and continuing up until at least June 2025, in the Northern District of Mississippi, and elsewhere, the defendants, **QUINTON MCWILLIAMS, GARY WRAGGS, TERRENCE RUSH, AUSTIN SNOW, TYLER TANKSLEY, CECIL HICKMAN, MARCUS METTS, DAVONTA BURRAGE, ADRIAN DANIEL DUNN, TILNORRIS MACON, DARNELL STONE, HARVEY SAVIOR, JESSICA CORREA,** and **TONNEE HOLMES**, did knowingly and intentionally conspire, combine, and agree with each other and with other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute the following: (i) more than 50 grams of methamphetamine (actual), a Schedule II controlled substance, and (ii) more than 400 grams of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

*851 Sentencing Enhancement*

Further, the Grand Jury charges before the Defendants, **DARNELL STONE, HARVEY SAVIOR,** and **GARY WRAGGS**, committed the offense charged in Count One of this Indictment, each had at least one prior conviction for a serious drug felony or crime of violence for which the term of imprisonment resulted in a sentence of 12 months imprisonment and each was released from prison within 15 years of the commencement of the offense alleged in Count One of this indictment.

As a result, the Defendants are subject to an enhanced penalty under Title 21, United States Code, Sections 841(b)(1)(A) and 851.

## COUNT TWO

Beginning at a time unknown to the Grand Jury, but at least beginning in or around January 1, 2021 and continuing up until at least June 2025, in the Northern District of Mississippi, and elsewhere, the defendants, **QUINTON MCWILLIAMS, GARY WRAGGS, TERRENCE RUSH, DAVONTA BURRAGE, ADRIAN DANIEL DUNN,** and **JESSICA CORREA** did knowingly, intentionally, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking, with the intent to promote the carrying on of specified unlawful activity, that is drug trafficking, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and (b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, i.e. drug trafficking, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

On or about May 2, 2024, in the Northern District of Mississippi, the defendant, **AUSTIN SNOW**, did knowingly and intentionally possess firearms, in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, as alleged in Count One of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FOUR

On or about September 22, 2024, in the Northern District of Mississippi, the defendant, **QUINTON MCWILLIAMS**, did knowingly and intentionally possess a firearm, in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, as alleged in Count One of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FIVE

1. On or about October 2, 2024, in the Northern District of Mississippi, **GARY WRAGGS**, the defendant, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms, to wit: a Glock 9mm pistol and a Taurus 9mm pistol, said firearms having been shipped and transported in interstate commerce.

*Notice of Sentencing Enhancement*

2. **GARY WRAGGS** having had at the time of the above offense at least three previous convictions for offenses committed on occasions different from one another, such offenses being as follows:

(1) Sale of Cocaine, Winston County, Case Number 2013-028,

(2) Sale of Cocaine, Winston County, Case Number 2013-028, and

(3) Sale of Cocaine, Winston County, Case Number 2002-51

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(e), and 924(a)(8).

## COUNT SIX

On or about October 2, 2024, in the Northern District of Mississippi, the defendant, **GARY WRAGGS**, did knowingly and intentionally possess firearms, in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, as alleged in Count One of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

### FORFEITURE ALLEGATION

1. The allegations contained in Count One of this Indictment/Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendants listed in Count One shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

CLAY JOYNER
UNITED STATES ATTORNEY

A TRUE BILL

/s/ Signature Redacted
FOREPERSON

RECEIVED
JUN 12 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO. 1:25CR 86 |
| | * | |
| QUINTON MCWILLIAMS, | * | 18 U.S.C. § 922(g)(1) |
| a/k/a Dirt, | * | 18 U.S.C. § 924(c) |
| a/k/a Dirk, | * | 18 U.S.C. § 1956(h) |
| GARY WRAGGS, | * | 21 U.S.C. § 846 |
| a/k/a Black, | * | 21 U.S.C. § 841(a)(1) |
| TERRENCE RUSH, | * | 21 U.S.C. § 841(b)(1)(A) |
| a/k/a T1, | * | |
| AUSTIN SNOW, | * | |
| TYLER TANKSLEY, | * | |
| a/k/a Tank, | * | |
| a/k/a TNT, | * | |
| CECIL HICKMAN, | * | |
| a/k/a Mac, | * | |
| MARCUS METTS, | * | |
| a/k/a Boo-B, | * | |
| DAVONTA BURRAGE, | * | |
| a/k/a Jett, | * | |
| a/k/a Polo Jett, | * | |
| ADRIAN DANIEL DUNN, | * | |
| a/k/a Black King, | * | |
| TILNORRIS MACON, | * | |
| a/k/a Tee, | * | |
| DARNELL STONE, | * | |
| a/k/a East, | * | |
| HARVEY SAVIOR, | * | |
| a/k/a Grimma, | * | |
| JESSICA CORREA, | * | |
| a/k/a Craze, and | * | |
| TONNEE HOLMES, | * | |
| | * | |
| Defendants. | * | |

## PENALTIES

**COUNT ONE: ALL DEFENDANTS**

| | |
|---|---|
| NLT ten years imprisonment, NMT life | 21 U.S.C. § 841(b)(1)(A) |
| NMT a $10,000,000 fine or both | 21 U.S.C. § 841(b)(1)(A) |
| At least 5 years supervised release | 21 U.S.C. § 841(b)(1)(A) |
| Ineligibility for federal benefits | 21 U.S.C. § 862(a) |
| for up to 5 years after conviction | |
| $100 mandatory special assessment | 18 U.S.C. § 3013(a)(2)(A) |

**851 ENHANCEMENT: WRAGGS, STONE, AND SAVIOR**
*If the defendant has a **prior conviction** for a serious drug felony or serious violent felony, then the punishment becomes:*
NLT 15 years imprisonment, NMT life - 21 U.S.C. § 841(b)(1)(A),
$20,000,000 fine or both - 21 U.S.C. § 841(b)(1)(A);
At least 10 years of supervised release - 21 U.S.C. § 841(b)(1)(A)

*If the defendant has **two prior convictions** for a serious drug felony or serious violent felony, then the punishment becomes:*
NLT 25 years imprisonment, NMT life - 21 U.S.C. § 841(b)(1)(A)
$20,000,000 fine or both - 21 U.S.C. § 841(b)(1)(A)
At least 10 years of supervised release - 21 U.S.C. § 841(b)(1)(A)

**COUNT TWO: MCWILLIAMS, WRAGGS, RUSH, BURRAGE, DUNN, & CORREA**

| | |
|---|---|
| NMT twenty years imprisonment | 18 U.S.C. § 1956 |
| NMT $500,000 fine | 18 U.S.C. § 1956 |
| NMT 3 years supervised release | 18 U.S.C. § 3583 |
| $100 Special Assessment | 18 U.S.C. § 3013(a)(2)(A) |

**COUNT FIVE: WRAGGS**

| | |
|---|---|
| NMT 15 years imprisonment | 18 U.S.C. § 924(a)(8) |
| NMT three years supervised release | 18 U.S.C. § 3583(b)(2) |
| NMT $250,000 fine | 18 U.S.C. § 3571(b)(3) |
| $100 special assessment | 18 U.S.C. § 3013(a)(2)(A) |

If the defendant has three prior convictions "for a violent felony or a serious drug offense," occurring on separate occasions, then the defendant may be subject to a mandatory minimum sentence of 15 years of imprisonment, and up to life imprisonment; and supervised release for not more than five years. 18 U.S.C. § 924(e).

**COUNTS THREE, FOUR, AND SIX: WRAGGS, MCWILLIAMS & SNOW**

| | |
|---|---|
| NMT life, NLT 5 years imprisonment | 18 U.S.C. § 924(c)(1)(A)(i) |
| NMT $250,000 fine | 18 U.S.C. § 3571(b)(3) |
| NMT 5 years supervised release | 18 U.S.C. § 3583 |
| $100 Special Assessment | 18 U.S.C. § 3013(a)(2)(A). |